FILED

MAR 14 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>YOLANDA MORRIS,<br><br>　　　　Debtor. | Case No. 06-20577-A-7<br><br>Docket Control No. None<br><br>Date: Ex Parte<br>Time: Ex Parte |

## MEMORANDUM

The debtor, an individual filing a chapter 7 petition, asks that she be exempted from the requirement that she obtain credit counseling. See 11 U.S.C. § 109(h)(1). For the reasons explained, the motion will be denied.

The motion argues that such a waiver is warranted because the debtor "can not afford to take any time off from" her job and because she is "unable financially to go through credit counseling."

Section 109(h) requires that a briefing be received from a credit counseling agency before a chapter 7 petition is filed. The court is given limited discretion to give exemptions from this briefing requirement.

If the United States Trustee determines that the approved nonprofit budget and credit counseling agencies for the district are not reasonably able to provide adequate services, section 109(h)(2)(A) exempts the debtor from the briefing requirement. This determination is made generally and not on a case-by-case basis. The United States Trustee must review such a determination not less than annually. See 11 U.S.C. §



1  109(h)(2)(B).

2       The United States Trustee's Internet site,
3  www.usdoj.gov/ust/eo/bapcpa/ccde/cc_approved.htm#CA, lists 18
4  different credit counseling agencies that have been approved to
5  provide credit counseling in the Eastern District of California.
6  While many of these agencies are not within the Eastern District,
7  most provide telephonic or Internet briefings as expressly
8  permitted by the statute.  See 11 U.S.C. § 109(h)(1).

9       The court concludes that it cannot exempt the debtor from
10 the requirement of a briefing on the ground that adequate credit
11 counseling services are not available.

12      A debtor may also submit a certification of exigent
13 circumstances meriting, to the satisfaction of the court, a
14 waiver of the briefing provided the debtor requested a briefing
15 but was unable to obtain the counseling services within 5 days of
16 the request.  See 11 U.S.C. § 109(h)(3)(A).  Such an exemption
17 expires 30 days after the debtor files the petition, unless the
18 court, for cause, extends the exemption by a further 15 days.
19 See 11 U.S.C. § 109(h)(3)(B).

20      The requirements of section 109(h)(3) are in the
21 conjunctive: the debtor must show exigent circumstances as well
22 as the inability to obtain credit counseling within 5 days of a
23 request.  See In re Watson, 332 B.R. 740 (Bankr. E.D. Va. 2005).

24      In this case, the debtor's motion does not demonstrate that
25 a credit counseling agency failed to provide a briefing within 5
26 days of a request for service.

27      Nor does the motion prove that there are exigent
28 circumstances that warrant permitting the debtor to file her

petition and then receive a briefing. The motion offers the debtor's inability to miss work as a reason for an exemption. Assuming this is true, the debtor can still receive counseling by phone during when she is not at work.

As to the debtor's ability to afford the credit counseling, the cost of the briefing is nominal, approximately $50. And, in order to be approved by the United States Trustee, every credit counseling agency must agree to offer its services without regard to the debtor's ability to pay it. See 11 U.S.C. § 111(c)(2)(B). That is, if the debtor is indigent, she will be able to obtain counseling without charge.

Nor is the likelihood that credit counseling will be futile an exigent circumstance. Congress requires that every individual debtor wishing to file for relief under chapters 7 or 13 first receive a credit counseling briefing.

To the extent the debtor asks for an exemption under section 109(h)(3), her motion must be denied. Even if the court were able to grant the debtor an exemption under section 109(h)(3), the exemption would be a temporary one. The debtor would have to complete the briefing soon after filing her petition.

If the court determines, after notice and a hearing, that the debtor cannot satisfy the requirements of section 109(h)(1) because of incapacity, disability, or active military duty in a combat zone, it may grant a permanent exemption from the briefing requirement. See 11 U.S.C. § 109(h)(4).

"Incapacity" is defined as impairment by reason of mental illness or mental deficiency such that the debtor is incapable of realizing and making rational decisions with respect to his or

her financial responsibilities. There is nothing in the motion suggesting the debtor suffers from such an incapacity.

A "disability" requires that the debtor be so physically disabled as to be unable, after reasonable effort, to participate in an in-person, telephone, or Internet briefing. There is no evidence of such a disability.

Nor do the motion, petition, schedules, or statements, indicate that the debtor is serving in the military.

Therefore, the court has no basis for granting a permanent exemption from the credit counseling briefing under section 109(h)(4).

If a basis for granting a permanent exemption arguably existed, the court could not grant relief until the debtor served her motion on the trustee, the United States Trustee, and all creditors, and set it for hearing. Section 109(h)(4) permits the court to grant a permanent exemption only after "notice and a hearing."

A separate order denying the motion will be issued.

Dated: 14 March 2006

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Yolanda Morris
1453 Arkansas St
Vallejo, CA 94591

Kenneth Sanders
PO Box 214205
Sacramento, CA 95821

Office of the U.S. Trustee
501 I Street , Room 7-500
Sacramento, CA 95814

Dated: March 14, 2006

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus